1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    ERICA B.,                              Case No.  25-cv-03179-HSG
8                    Plaintiff,             **ORDER DETERMINING STANDARD
9          v.                               OF REVIEW**
                                            Re: Dkt. Nos. 25, 26
10   CALIFORNIA PHYSICIANS SERVICE,
11                    Defendant.
12
13          Pending before the Court are Plaintiff and Defendant's letter briefs addressing the standard

14   of review that the Court should apply in this ERISA action.  Dkt. No. 26 ("Pl.'s Br."); Dkt. No. 25

15   ("Def.'s Br.").  Plaintiff brought suit under ERISA on behalf of herself and her daughter, alleging

16   that Defendant improperly denied her daughter's covered mental health claims for services

17   provided between June 17, 2021, and June 16, 2022.  Dkt. No. 1 ¶¶ 44–46; Pl.'s Br. at 1.  Both

18   parties agree that the *de novo* standard of review applies to all claims for dates of service on or

19   after October 1, 2021 "due to California's ban on discretionary clauses, which became effective on

20   January 1, 2021 and applies to all plans issued, renewed, or amended on or after January 1, 2021."

21   Pl.'s Br. at 1 (citing Cal. Health & Safety Code § 1367.045(a)); *see also* Def.'s Br. at 2 (same).

22   But the parties disagree about what standard applies for claims before October 1, 2021.[1]  Plaintiff

23   argues that the *de novo* standard also applies to her claims between June 17, 2021, and September

24   30, 2021.  Pl.'s Br. at 1.  Defendant argues that the abuse of discretion standard applies for those

25   _____

26   [1] California's ban does not clearly apply to the relevant claims before October 1, 2021, since the
     claims for dates of service between June and September of 2021 do not appear to be tied to a plan
27   that was "offered, issued, delivered, amended, or renewed on or after January 1, 2021."  Cal.
     Health & Safety Code § 1367.045(a); *see also* Def.'s Br. at 4 ("Section 1367.045 has no
28   application to the 2020 Group Contract because it was issued, delivered and renewed to the
     Contractholder on October 1, 2020.").

1    claims.  Def.'s Br. at 2.

2         A denial of ERISA benefits "is to be reviewed under a *de novo* standard unless the benefit

3    plan gives the administrator or fiduciary discretionary authority to determine eligibility for

4    benefits or to construe the terms of the plan."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S.

5    101, 115 (1989); *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006)

6    (*en banc*) ("De novo is the default standard of review.").  However, "if the plan *does* confer

7    discretionary authority as a matter of contractual agreement, then the standard of review shifts to

8    abuse of discretion."  *Abatie*, 458 F.3d at 963 (citing *Firestone*, 489 U.S. at 115) (emphasis in

9    original).  Such discretion must be conferred "unambiguously."  *Kearney v. Standard Ins. Co.*, 175

10   F.3d 1084, 1090 (9th Cir. 1999).  As the Ninth Circuit has cautioned, "[n]either the parties nor the

11   courts should have to divine whether discretion is conferred."  *See Sandy v. Reliance Standard*

12   *Life Ins. Co.*, 222 F.3d 1202, 1207 (9th Cir. 2000); *see also Ingram v. Martin Marietta Long Term*

13   *Disability Income Plan*, 244 F.3d 1109, 1113 (9th Cir. 2001) ("If an insurance company seeking to

14   sell and administer an ERISA plan wants to have discretion in making claims decisions, it should

15   say so.").  In any event, "[t]o assess the applicable standard of review, the starting point is the

16   wording of the plan."  *Abatie*, 458 F.3d at 962–63.

17        Defendant argues that the October 1, 2020 "Group Health Service Contract" between

18   Defendant Blue Shield and contract-holder Equation Technologies Inc. is the plan document that

19   governs the claims between June and September 2021.  Def.'s Br. at 2–3.[2]  That contract was

20   effective between October 1, 2020, and September 30, 2021.  Dkt. No. 25-1 ("Barcena Decl.") ¶ 2;

21   Barcena Decl., Ex. A ("2020 Group Health Service Contract") at PLAN 00004.  The contract

22   states that "Blue Shield of California . . . will provide or arrange for the provision of services to

23   eligible Subscribers and Dependents of the Contractholder in accordance with the terms,

24   conditions, limitations, and exclusions of this Group Health Service Contract."  *Id.* at PLAN

25   00007.

26        Plaintiff does not directly dispute that this is a governing plan document or explain what

27   _____

28   [2] The parties apparently agree that Equation Technologies was Plaintiff's employer and offered the
     relevant health benefit plan.  Def.'s Br. at 3; Pl.'s Br. at 5.

United States District Court
Northern District of California

1    alternative document this Court should look to for the relevant period.  Instead, Plaintiff argues

2    that "these Contract Policies do not appear in the administrative record, and are unsigned."  Pl.'s

3    Br. at 3.[3]  The Court must typically "review only the administrative record when considering

4    whether the plan administrator abused its discretion, but may admit additional evidence on de

5    novo review."  *Abatie*, 458 F.3d at 970.  But this does not limit the evidence the Court may

6    consider in determining which standard of review applies in the first place, and Plaintiff does not

7    cite any authority stating that the Court must confine itself to the administrative record at this

8    stage.  Moreover, Plaintiff does not explain why the fact that this document is unsigned means that

9    the Court should ignore Defendant's sworn declaration that this contract was in effect during the

10   relevant period.

11          The Court finds that this document unambiguously confers discretion on Defendant Blue

12   Shield.  The 2020 Group Health Service Contract states that "[t]he [Evidence of Coverage

13   ("EOC")] is included and made part of this contract."  *Id.* at PLAN 00007.  The included EOC

14   states that "Blue Shield shall have the power and authority to construe and interpret the provisions

15   of this Plan, to determine the Benefits of this Plan and determine eligibility to receive Benefits

16   under this Plan.  Blue Shield shall exercise this authority for the benefit of all Members entitled to

17   receive Benefits under this Plan."  *Id.* at 00144.  This language clearly and unambiguously gives

18   discretion to Blue Shield as claims administrator and fiduciary.  *Brian H. v. Blue Shield of Cal.*,

19   No. 17-CV-03095-MMC, 2018 WL 5778318, at *1 (N.D. Cal. Nov. 1, 2018) (analyzing

20   substantially similar language from Blue Shield); *Escalante v. Cal. Physicians' Serv.*, 2016 WL

21   4086765, at *2 (C.D. Cal. July 29, 2016) (applying abuse of discretion in nearly identical

22   circumstance where EOC language was incorporated into group contract).

23          Plaintiff argues that the "standard of review analysis begins with the original plan

24   document – from the employer," and "unless the Equation Technologies Inc. health plan document

25   reserves discretionary authority over claims such as are at issue herein to itself, there is nothing for

26

27   _____

28   [3] The Court does not currently have the full administrative record before it, and it has no way to
     verify whether Defendant's document is in the record.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    it to delegate to Blue Shield." Pl.'s Br. at 5. Plaintiff cites no authority supporting this view.

2    Courts have held that group insurance policies such as this one can constitute plan documents, *see,*

3    *e.g.*, *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1441 (9th Cir. 1995) ("[I] is clear that an insurance

4    policy may constitute the 'written instrument' of an ERISA plan . . . ."), so it is unclear why the

5    Court could not consider this clear discretionary clause.

6          Plaintiff also argues that an EOC cannot confer discretion, but the Court disagrees.

7    "ERISA does not require a single plan document and the plan document may incorporate other

8    formal or informal documents." *Gilson v. Macy's, Inc.Long Term Disability Plan*, No. C 13-

9    04520 WHA, 2014 WL 2129460, at *4 (N.D. Cal. May 22, 2014) (citing *Scott v. Gulf Oil Corp.*,

10   754 F.2d 1499, 1503 (9th Cir.1985)). As Plaintiff notes, courts have held that summary

11   documents like EOCs do not "themselves constitute the terms of the plan." *See CIGNA Corp. v.*

12   *Amara*, 563 U.S. 421, 438 (2011); *Prichard v. MetLife*, 783 F.3d 1166, 1170 (9th Cir. 2015); *Jill*

13   *T. v. Cal. Physicians Serv.*, 755 F. Supp. 3d 1228, 1238–39 (N.D. Cal. 2024). But none of those

14   cases involved an EOC or summary document that was incorporated by reference into another

15   plan document. *Compare Prichard*, 783 F.3d at 1171 (noting that the summary document was

16   "not part of the Plan's 'written instrument'"), *and Jill T.*, 755 F. Supp. 3d at 1239 (noting that

17   "some health plans are consolidated such that the plan document and the summary take the form

18   of a single document" but "Blue Shield has not produced evidence that this is the situation here"),

19   *with Cromwell v. Kaiser Found. Health Plan*, No. 18-CV-06187-EMC, 2019 WL 4601527, at *1

20   n.2 (N.D. Cal. Sept. 23, 2019) (rejecting argument that incorporated EOC could not be

21   considered).

22         Finally, Plaintiff argues that one court has held that delegation of discretion is not clear and

23   unambiguous when it comes from confidential documents that plan participants did not see. Pl.'s

24   Br. at 4 (quoting *Steven M. v. United Behav. Health*, 2021 WL 1238302, at *2 (N.D. Cal. Apr. 2,

25   2021)). That case only held that delegation would not be clear and unambiguous if it could only

26   be "discerned through careful assessment of at least two confidential documents withheld from

27   plan participants." *Steven M.*, 2021 WL 1238302, at *2. Here, the language is clear and does not

28   require "careful assessment," and the EOC also contains the operative language and is not

4

1   confidential.

2           For these reasons, the Court determines that the abuse of discretion standard applies for

3   claims with dates of service before October 1, 2021, and the *de novo* standard applies to claims on

4   or after that date.

5

6           **IT IS SO ORDERED.**

7   Dated:   12/9/2025

8                                                HAYWOOD S. GILLIAM, JR.

9                                                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California